**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MADRID PAZMINO, | : |
| Plaintiff, | : OPINION 4876 |
| v. | : Civ. No. 11-~~355~~ (WHW) |
| J.C. CHRISTENSEN, LVNV FUNDING, L.L.C., HSBC BANK, | : |
| Defendants. | : |

**Walls, Senior District Judge**

Plaintiff Madrid Pazmino has filed a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*, against Defendants J.C. Christensen and LVNV Funding, L.L.C., ("LVNV"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2, against Defendants J.C. Christensen, LVNV, and HSBC Bank Nevada, N.A[1]. ("HSBC"). LVNV and HSBC now move to dismiss Pazmino's complaint under Federal Rule of Civil Procedure 12(b)(6). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the motion is decided without oral argument. Defendants LVNV and HSBC's Motion to Dismiss is granted.

### FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a written communication J.C. Christensen, a debt collector, sent to Pazmino. Compl. ¶¶ 5, 7. Pazmino alleges that this communication indicated that "their 'client' Resurgent Capital Services LP has retained J.C. Christensen to 'represent them'" and that

---

[1] Plaintiff improperly pleads Defendant HSBC as HSBC Bank

Pazmino's "account had been 'prescreened and reviewed' to be 'forwarded to an attorney's office." Id. ¶¶ 7-8. The communication also allegedly indicated that interest was accruing on Pazmino's account. Id. ¶ 9. Pazmino also alleges that either J.C. Christensen and/or HSBC and/or LVNV reported this debt on Pazmino's credit report despite that a letter disputing the debt was allegedly sent on March 5, 2010. Id. ¶ 11.

On July 22, 2011, Pazmino filed this action in the Superior Court of New Jersey, Hudson County. Id. Pazmino alleges that the J.C. Christensen's communication contained multiple violations of the FDCPA: 1) § 1692e(3) by falsely representing themselves as attorneys; 2) § 1692j(a) "for furnishing deceptive forms with regard to the owner of the debt"; 3) § 1692e(2) "for misrepresenting the amount owed on the alleged debt"; 4) § 1692f(1) "for incorrectly including interest charges" on the debt; and 5) § 1692a(5) for falsely stating that Pazmino's "account had been 'prescreened and reviewed' to be 'forwarded to an attorney's office.'" Id. Pazmino also alleges that J.C. Christensen and/or HSBC and/or LVNV violated FCRA § 1681s-2 by illegally reporting the debt "on the credit report by the party in charge of furnishing credit information" despite it allegedly being disputed by Pazmino. Id. Pazmino seeks damages totaling $15,000, which includes actual damages, statutory damages, filing fees, and attorneys' fees. Id.

LVNV removed the case to federal court pursuant to 28 U.S.C. §§ 1331 and 1441(b) on the basis of federal question jurisdiction. Not. of Removal. On September 15, 2011, LVNV and HSBC filed the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) presently before this Court. Pazmino has not filed opposition papers to this motion.

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), the court is required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Broadcom Corp. v. Qualcomm Inc., 501 F.3d 297, 306 (3d Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 546 (2007) (citations omitted). Thus, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Twombly, 550 U.S. at 563 n.8 (quoting Scheurer v. Rhodes, 416 U.S. 232, 236 (1974)).

## DISCUSSION

**I.     FDCPA violations**

Pazmino has not alleged any facts as to LVNV with regard to the FDCPA. These claims are dismissed as to LVNV.

**II.    FCRA violations**

**NOT FOR PUBLICATION**

The FCRA is designed to protect consumers and prevent the circulation of inaccurate information. Alves v. Verizon, 2010 WL 2989988, at *8 (D.N.J. July 27, 2010). The FCRA "proscribes certain conduct pertaining to the reporting of consumer credit information, and creates liability for willful non-compliance." Id. (quoting Monica v. MBNA Am. Bank, N.A., 2006 WL 2040380, at *3 (D.N.J. July 19, 2006)). Section 1681s-2(a) provides in part that a "person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). There is no private right of action under this subsection. See 15 U.S.C. § 1681s-2(d); Huertas v. Galaxy Asset Management, 641 F.3d 28, 34 (3d Cir. 2011). As such, Pazmino cannot assert a claim under § 1681-2(a).

Section 1681s-2(b) places duties upon "furnishers of information" after they are notified of a dispute. "[T]o state a claim under this section, a plaintiff must plead that (1) she sent notices of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of information of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." Alves, 2010 WL 2989988, at *9 (quoting Dimedio v. HSBC Bank, 2009 WL 1796072, at *3 (D.N.J. June 22, 2009) (internal quotations omitted)). The "notice of disputed information must come from a consumer reporting agency, and not the customer, in order to trigger the requirements of this section." Id.

Pazmino alleges that he disputed the debt in a letter sent on March 5, 2010 and on several occasions thereafter, but does not specify to whom he sent these letters. Compl. Pazmino has not alleged that that he notified the consumer reporting agency of the dispute, nor that the consumer reporting agency provided LVNV and HSBC with the notice of disputed information. LVNV's and HSBC's duty to investigate the accuracy of Pazmino's account information and

modify it was not triggered.  See Alves, 2010 WL 2989988, at *9 (dismissing FCRA claims where plaintiff failed to allege that "a consumer reporting agency gave notice to defendants that she was disputing her alleged debt").  Pazmino has failed to assert a claim to relief under § 1681s-2(b) that is plausible on its face.  Iqbal, 129 S. Ct. at 1949.  Pazmino's FCRA claims are dismissed as to LVNV and HSBC.

## CONCLUSION

Defendants LVNV and HSBC's Motion to Dismiss is granted.

s/ **William H. Walls**
United States Senior District Judge